## Cora M. Sharp et al. v. T. M. Hull et al.

1. EQUITY PRACTICE—*Exceptions to a Master's Report Must Be Filed in the Court Below.*—Where a party fails to file exceptions to the master's report in the court below, it will be understood that he acquiesced in the conclusions and findings of the master; and on appeal to this court he will not be heard to make objections to the report which he did not make and insist upon in the trial court.

2. COSTS—*Shorthand Reporter.*—When the judge trying a case, of his own motion, orders a transcript made of the shorthand notes taken by the reporter, he may direct the payment of the charges therefor and the taxation of the same as costs.

3. MAXIMS—*Application of the Maxim, " De Minimis Non Curat Lex."*—Where a court erroneously allowed interest which amounted to only sixty-one cents, the maxim " *De minimis non curat lex* " must be held to govern.

**Bill to Foreclose a Deed of Trust.**—Trial in the Circuit Court of Du Page County; the Hon. CHARLES A. BISHOP, Judge, presiding. Decree for complainants; appeal by defendants. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

J. G. SHELDON, attorney for appellants.

J. F. SNYDER, attorney for appellees.

Where a party fails to file his exceptions to the master's report in the court below, the Appellate Court will consider all questions of fact conclusively settled by the findings of the master; and appellants will not be heard to make objections to the master's report in the Appellate Court, which they did not take and insist upon in the trial court.    Marble v. Thomas, 77 Ill. App. 111; Riegard v. McNeil, 38 Ill. 401; Dates v. Winstanley, 53 Ill. App. 627; Hewitt v. Dement, 57 Ill. 500; Clark v. Laughlin, 62 Ill. 278; Brainerd v. Hudson, 103 Ill. 218; Cheltenham Improvement Co. v. Whitehead, 128 Ill. 285; Reedy v. Millizen, 155 Ill. 648; Singer v. Steele, 125 Ill. 426.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellees filed their bill in chancery in the Circuit Court of DuPage County, against appellant Cora M. Sharp and her husband James A. Sharp, to foreclose a deed of trust for $3,000 on certain premises of appellant in said county.

The note secured by the deed of trust was not at the time matured, but it was alleged that interest amounting to the sum of $90, and payable October 1, 1897, was due and unpaid, and that therefore by the terms of the deed of trust the whole amount secured thereby had become due and payable. An answer was filed by appellants admitting the making of the note and deed of trust described in the bill, but denying that there was any interest due by the terms of said note.

The court first heard a part of the evidence in open court; then, finding that an accounting was necessary, ordered the evidence so taken, transcribed by the shorthand reporter for use before the master, and referred the case to the master to take the proofs and state the account. It was also ordered that the reporter's fees for transcribing the evidence be taxed as costs in the case. On the hearing before the master, appellant James A. Sharp testified that the $90 interest in question had been paid, and included in a settlement made by him with appellee Brown on October 6, 1897. The master made his report May 24, 1898, stating the account and finding that the interest due October 1, 1897, was not included in said settlement and was still due and unpaid. He further found that the complainants in the bill were entitled to a decree for the principal and interest of said note amounting to $3,206.50 and $100 solicitor's fee, as provided for by the trust deed. Objections were filed with the master and overruled.

No exceptions were taken to the report of the master when filed in the court, and the cause having come on to be heard, the same was confirmed and a decree entered for the foreclosure of said trust deed and sale of said premises, from which an appeal was taken to this court.

Where a party fails to file exceptions to the master's report in the court below, it will be understood that he acquiesced in the conclusions and findings of the master; and on appeal to this court he will not be heard to make objections to the report which he did not take and insist upon in the trial court. Singer et al. v. Steele, 125 Ill. 526.

Appellants not having filed their exceptions to the report of the master, the court properly confirmed the same, and the findings. in said report on the account stated, can not now be questioned.

We are however of opinion that the case ought to be affirmed upon its merits. While appellant James A. Sharp testified alone as to the settlement, three witnesses, including appellee Brown, testified to facts indicating that the $90 interest claimed to be due, had not been paid, and no indorsement of the same appeared upon the note.

The weight of the evidence was that said interest had not been paid.

It is urged that the court erred in directing a transcript of the evidence taken at the first hearing to be made for use before the master, and taxing the costs thereof as costs in the case.

Section 2 of the act authorizing judges of the Circuit Court to appoint shorthand reporters, provides that when the judge trying the case shall, of his own motion, order a transcript of the shorthand notes taken by the reporter, " he may direct the payment of the charges therefor and the taxation of the same as costs in such manner as to him may seem just." The action of the court in this case, in directing the reporter's fees to be taxed as costs, was fully authorized by the statute. The report of the master in chancery was made on the 24th day of May, and the decree entered on May 27, 1898, for the amount found due by the master, with interest thereon, from the date of the master's report. The action of the court in so entering the decree is assigned as error for the reason that it allows interest upon the interest found due by the master.

This seems to be authorized by statute (Rev. Stat. Chap. 74, Sec. 3). But if it were not so authorized the amount is so small, amounting to only sixty-one cents, that the maxim *De minimis non curat lex*, must be held to govern.

The decree of the Circuit Court will, for the reasons above stated, be affirmed.

Decree affirmed.